NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID O. SANCHEZ, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> WARDEN, FCI FORT DIX, : <br> : <br> Respondent. : | Civil No. 23-02889 (JKS) <br><br> OPINION |

**SEMPER, District Judge**

**THIS MATTER** comes before the Court upon the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Pet., ECF No. 1) by *pro se* Petitioner David O. Sanchez ("Petitioner"), a prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"). Petitioner is challenging the Federal Bureau of Prison's ("BOP") determination that he is ineligible for Earned Time Credits ("ETC" or "time credits") under the First Step Act ("FSA"). (Pet., at 2; Pet'r's Mem. of Law, ECF No. 1-2, at 1–3.) Respondent filed an answer opposing habeas relief, (Resp't's Answer, ECF No. 5), and Petitioner filed a reply, (Pet'r's Reply, ECF No. 11.) The Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 2241. For the reasons set forth below, the habeas petition will be denied on the merits.

**I.    BACKGROUND**

On August 10, 1990, Petitioner was sentenced to a 480-month term of incarceration in the Eastern District of Virginia following a jury trial where he was found guilty of one count of conspiracy to kidnap in violation of 18 U.S.C. § 371 and two counts of kidnapping in violation of

1

18 U.S.C. § 1201. *United States v. David O. Sanchez*, No. 1:90-CR-97 (RDA), 2025 WL 51473, at *1 (E.D. Va. Jan. 8, 2025).[1] Petitioner has a projected Good Conduct Time ("GCT") release date of October 24, 2026.[2] (Declaration of Jonathan Kerr ("Kerr Decl."), ECF No. 5-1 at 1, ¶ 1.) The BOP has determined that Petitioner is ineligible for ETC under the FSA. (*Id.* at 2.) The parties dispute the basis for the BOP's determination. (*Compare* Pet'r's Mem. of Law, ECF No. 1-2, at 2, *with* Resp't's Answer, ECF No. 5, at 1.)

Petitioner filed the instant habeas petition on June 23, 2023, (*See* ECF Docket Sheet), without first exhausting administrative remedies. (*See* Pet., at 2; Pet'r's Mem. of Law, ECF No. 1-1, at 1.) Respondent filed an answer opposing habeas relief on July 31, 2023 (Resp't's Answer, ECF No. 5), and after receiving an extension, Petitioner filed his reply on December 26, 2023, (Pet'r's Reply, ECF No. 11.) Accordingly, the matter is ripe for determination.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be granted, and a federal court has jurisdiction, only when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Challenges to the fact or duration of confinement are the essence of habeas. *See Murray v. Bledsoe*, 386 F. App'x 139, 140 (3d Cir. 2010). "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485–86 (3d Cir. 2001).

---

[1] Public Access to Court Electronic Records ("PACER"), available at https://pacer.uscourts.gov/.
[2] "[A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b).

### III.   DISCUSSION

Petitioner seeks an order directing the BOP to change his ETC eligibility status under the FSA and to apply time credits to his sentence. (Pet., at 7.) Petitioner's habeas petition includes eight claims that relate to his belief that the BOP is denying FSA time credits due to his immigration detainer. (Pet'r's Mem. of Law, ECF No. 1-2, at 1–3.) Petitioner argues that he is eligible for ETC because he does not have a final immigration order of removal, and the BOP is falsely extending his incarceration by refusing to change his FSA eligibility status. (*Id.*) Petitioner further argues that he was incorrectly advised by staff at FCI Fort Dix that his immigration detainer renders him ineligible to earn and apply time credits under the FSA. (*Id.* at 2.) Finally, Petitioner asserts that the BOP does not have discretion with respect to the application of ETC under the FSA. (*Id.*)

Respondent filed an answer and provided records in opposition to habeas relief asserting Petitioner's immigration detainer is irrelevant. Petitioner is ineligible for ETC because he was convicted of kidnapping, an offense that is expressly excluded from earning time credits under the FSA. (Resp't's Answer, at 1.) Respondent argues in the alternative that the petition should be dismissed because Petitioner did not exhaust administrative remedies. (*Id.* at 2.) In reply, Petitioner contends that he was convicted of conspiracy to kidnap, an offense not expressly excluded by Congress from earning time credits. (Pet'r's Reply, at 4.) In so arguing, Petitioner completely ignores the two underlying kidnapping convictions that render him statutorily ineligible for time credits under the FSA. (*See* Pet'r's Reply, at 3–5.)

#### A. Exhaustion of Administrative Remedies

Before a federal inmate can seek habeas relief under 28 U.S.C. § 2241, he ordinarily must first exhaust administrative remedies. *Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012).

Exhaustion of the BOP administrative remedy program requires: (1) an attempt at informal resolution, 28 C.F.R. § 542.13; (2) a formal administrative remedy request to the warden, § 542.14; (3) an appeal to the BOP Regional Director, § 542.15; and (4) an appeal to General Counsel in the Central Office, *id*.  "If a petitioner has failed to exhaust his administrative remedies prior to filing a § 2241 petition, the District Court may in its discretion either excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." *Ridley v. Smith*, 179 F. App'x 109, 111 (3d Cir. 2006) (internal quotation marks omitted).

While Petitioner has admittedly failed to seek or exhaust administrative relief, where he would have learned his immigration detainer was irrelevant, his claims also fail on the merits. Ordinarily, courts will enforce the exhaustion requirement. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) ("Although there is no statutory exhaustion requirement attached to § 2241, we have consistently applied an exhaustion requirement to claims brought under § 2241."). Here, however, Petitioner is not entitled to relief. It does not promote the interest of justice for Petitioner to exhaust a meritless claim. The Court will exercise its discretion to reach the merits of Petitioner's habeas claim. *See, e.g.*, 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus [under 28 U.S.C. § 2254] may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

### B.  FSA Time Credits

The FSA, enacted into law on December 21, 2018, directed the BOP to create recidivism reduction programming and incentives for federal prisoners. 18 U.S.C. § 3632(a)–(d). Under the FSA, federal prisoners who meet certain criteria, including engaging in recidivism reduction programs, are entitled to earn a number of time credits to be applied towards prerelease custody or early supervised release. *See* 18 U.S.C. § 3632(d)(4), 18 U.S.C. § 3624(g). A prisoner may be

eligible to earn ten days of time credit for every thirty days of successful participation. *See id.* § 3632(d)(4)(A)(i).  Furthermore, eligible prisoners assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn five additional days of time credit for every thirty days of successful participation. *See id.* § 3632(d)(4)(A)(ii).  However, the FSA explicitly bars prisoners convicted of certain enumerated offenses from earning or applying time credit. *See* 18 U.S.C. § 3632(d)(4)(D).  For example, "[a] prisoner is ineligible to receive time credits . . . if the prisoner is serving a sentence for a conviction under . . . [a]ny section of chapter 55, relating to kidnapping." 18 U.S.C. § 3632(d)(4)(D)(xxvi).  The applicable regulation likewise provides "[i]f the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. § 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits." 28 C.F.R. 523.41(d)(2).

In his Memorandum of Law in Support of his petition under 28 U.S.C. § 2241, Petitioner raises eight grounds for relief in which he challenges the BOP's determination that he is ineligible for FSA time credits based on his immigration detainer. (Pet'r's Mem. of Law, ECF No. 1-2, at 1–3.)  A prisoner is ineligible to have time credits applied if he is "the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 1101(a)(17) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(17)))." 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. §523.44(a)(2) (prohibiting BOP from applying FSA credits to a prisoner who is subject to a final order of removal).  A "final order of removal" is a final order "concluding that the alien is deportable or ordering deportation." *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020) (quoting 8 U.S.C. § 1101(a)(47)(A)).  Petitioner does not presently have a final order of removal. (*See* Resp't's Ex. 1, ECF No. 5-1, at 7.)  Therefore, his immigration status does not

5

impact his ability to receive time credits under the FSA. Nor did the BOP make its ineligibility determination on this basis.

Petitioner also argues that he should be eligible to earn and apply time credits to his sentence because he was convicted of conspiracy to kidnap, which Congress did not expressly exclude from earning FSA credit. (Pet'r's Reply, at 4.) His argument hinges on the notion that he was only convicted of the conspiracy offense. (*Id.* at 3–5.) However, Petitioner fails to acknowledge that he was also convicted of two counts of kidnapping pursuant to 18 U.S.C. § 1201, an offense that falls under title 18, chapter 55. *See* 18 U.S.C. § 3632(d)(4)(D)(xxvi). The plain language of the statute reads that an inmate who has been convicted of a kidnapping offense is ineligible to receive FSA earned time credit. *Id.* Because Petitioner was convicted of an offense enumerated in 18 U.S.C. § 3632(d)(4)(D), the BOP properly deemed him ineligible for time credits under the FSA.

Therefore, the Court will deny the petition for writ of habeas corpus under 28 U.S.C. § 2241.

### IV.    CONCLUSION

For the reasons discussed above, the habeas petition will be denied on the merits. An appropriate Order follows.

Date: May 13, 2025

>                          */s/ Jamel K. Semper*
>                          **HON. JAMEL K. SEMPER**
>                          **UNITED STATES DISTRICT JUDGE**